UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA E. K. JANCZUK,

                    Plaintiff,

          -against-

FEDERAL TRADE COMMISSION;
EXPERIAN; TRANSUNION; EQUIFAX,

                    Defendants.

24-CV-3703 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question and diversity of citizenship jurisdiction. Named as Defendants are the Federal Trade Commission, Experian, TransUnion, and Equifax. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted),

has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff states that the events giving rise to her claims occurred between 1991 and the present. The following allegations are taken from the complaint. Plaintiff has "received and returned personal credit" from banks in the United States. (ECF 1, at 3.) She has also "received and reported a personal credit score." (*Id.*) She alleges,

> In accord with the mind of the PLAINTIFF, the credit score is nothing "more than" an entirely-automated algorithm that tracks results in an automat against a basic commitment a consumer makes she he or she elects to ask for and utilize credit, which is to return that credit in accord with the standards-temporal and standards-fiscal agreed-upon when that credit is received.

(*Id.*)

Plaintiff alleges that her credit score "does not explain or map an / in force majeure / fallout from voluntary economic participation, nor does it explain or map involuntary psychiatric ward admissions, time in the penitentiary, time suffering a bizarre and non-causal set of years of headaches and cognitive defuncts, and otherwise." (*Id.*)

Further, "EXPERIAN has not responded to JANCZUK in alleviating a dispute with a proportionate degree of precision and complexity, as she sought to dispute all interpretations of a credit score, as early as the first report for one, given analytical advances to difficulties and sufferings." (*Id.*)

Plaintiff's "credit score prevents an honest and complexity-gravitating discourse for fiscal support and further credit extensions at the level of the bank, given that the bank auto-rejects discourses where a score might not meet its demands for the indication of human responsibility." (*Id.* at 4.)

Moreover,

[c]redit-reporting agencies do not capture the COMPLEXITY or NATURE of ontological- and ontological-unto-economic life at the level of JANCZUK, a form herein of invoking the while person statute and notions-constitutional of life, freedom, and happiness, as well as precedent in personalization and more (including Google-Gmail-level features that distinguish minds that enjoy consumption of e-content compact versus non-or-less compact, etc.; tech precedent for personalization exists.)

(*Id.* at 3-4.)

For relief, Plaintiff seeks, among other things,

To - - where/if possible - - wipe all tracking of a credit score for JANCZUK, entirely, at all times moving forward, on behalf of agencies reporting credit. JANCZUK asks to invoke notions of privacy and security, to prevent any access undue or involuntary to the life-fiscal, asking for contract statutes where banks would be otherwise unwilling to negotiate standing-fiscal and otherwise in place of impositions, for reasons required to evolve her own life and happiness and freedom standings. JANCZUK would prefer to contract with banks the algorithm against a platform that would close with the banks themselves in a circuit-closed for analysis.

If necessary, to restatute a tracking of a score with a set of contracted contingencies to hold score analysis from immediate change - - given contextual endurances historical, indicating abuse, as well as endurances relative to professional life with extended payout timespans - - and analyze ontological patterns against historical spurts for attempted entree to competitive capitalistically-oriented work, potentially-to-actually damages and abused, with

evidentiary bases to confirm pattern-analysis potentials, as well as competencies and more.

To restatute the e[-flfe[}X of all agencies-reporting (the electronic-vita)X{}:cryptingOutSuspectAbusers<X{contextCanBeGenerated.>X) into actualizing a greater degree of efficiency, temporal-speedity, cleanliness, compactness, and precision with regards to dispute-level-work, alongside enabling persons to receive even accountant-level analysis or more for those economic boxes that cannot be read via a report or its score itself, to account with a great degree of clarity those dimensions of economic life that might be at work in score defunct; banks would be welcome to do the same.

To close all non-formal/non-industrial methods of reporting

To standardize in a 'thread-legal' all questions with regard to the credit score, including which institutions are viable and under what circumstances as reporters, to clarify the algo, to open up spaces in which persons can pursue a faster form and a more proximate form of dispute in front of the necessary witnesses and more.

To demand a ciphered algorithm - - especially for all persons of good will - - for those instances in which a score might - - under any circumstances, until and unless the system shifts entirely in favor of ciphered life - - ever be read or sought-out by a human being, including an employee, a software engineer with competence, or otherwise for ill-will or -use.

(*Id.* at 4.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's allegations that "[c]redit-reporting agencies do not capture the COMPLEXITY or NATURE of ontological- and ontological-unto-economic life at the level of JANCZUK," and her requests for relief, which include to "wipe all tracking of a credit score for JANCZUK, entirely, at all times moving forward, on behalf of agencies reporting credit" and to create new methods of tracking credit scores that "analyze ontological patterns against historical spurts," rise to the level of the irrational. There is no apparent legal theory on which she can rely to state a claim in connection with these requests for relief. *See Denton*, 504 U.S. at 33; *Livingston*, 141

F.3d at 437. Accordingly, a finding of frivolousness is warranted, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY AND WARNING

Court records show that in the past two months, Plaintiff has filed 20 other cases in this court, many of which also name the United States as a defendant. *See Janczuk v. Fed. Trade Comm'n*, No. 24-CV-3716 (LTS) (S.D.N.Y. May 20, 2024) (dismissed as duplicative); *Janczuk v. Inner City Press*, No. 24-CV-2385 (LTS) (S.D.N.Y. May 21, 2024) (dismissed for lack of subject matter jurisdiction); *Janczuk v. United States*, No. 24-CV-3754 (UA) (S.D.N.Y. filed May 14, 2024); *Janczuk v. United States*, No. 24-CV-3761 (LTS) (S.D.N.Y. filed May 10, 2024); *Janczuk v. United States*, No. 24-CV-3749 (LTS) (S.D.N.Y. filed May 10, 2024); *Janczuk v. United States*, No. 24-CV-3750 (LTS) (S.D.N.Y. filed May 9, 2024); *Janczuk v. United States,* No. 24-CV-3719 (LTS) (S.D.N.Y. filed May 9, 2024); *Janczuk v. United States*, No. 24-CV-3717 (UA) (S.D.N.Y. filed May 8, 2024); *Janczuk v. United States*, No. 24-CV-3718 (LTS) (S.D.N.Y. filed May 8, 2024); *Janczuk v. United States*, No. 24-CV-3661 (LTS) (S.D.N.Y. filed May 7, 2024); *Janczuk v. United States*, No. 24-CV-3510 (LTS) (S.D.N.Y. filed May 2, 2024); *Janczuk v. United States*, No. 24-CV-3426 (UA) (S.D.N.Y. filed May 1, 2024); *Janczuk v. United States*, No. 24-CV-2150 (LTS) (S.D.N.Y. May 1, 2024) (transferred to the United States District Court for the Eastern District of New York); *Janczuk v. United States*, No. 24-CV-3343

(LTS) (S.D.N.Y. filed Apr. 30, 2024); *Janczuk v. United States*, No. 24-CV-3420 (UA) (S.D.N.Y. filed Apr. 30, 2024); *Janczuk v. United States*, No. 24-CV-2387 (LTS) (S.D.N.Y. Apr. 12, 2024) (transferred to the United States District Court for the Eastern District of New York); *Janczuk v. United States*, No. 24-CV-2738 (LTS) (S.D.N.Y. filed Apr. 9, 2024); *Janczuk v. United States*, No. 24-CV-2754 (LTS) (S.D.N.Y. filed Apr. 8, 2024); *Janczuk v. United States*, No. 24-CV-2749 (LTS) (S.D.N.Y. filed Apr. 8, 2024); *Janczuk v. Fed Commc'ns Comm'n*, No. 24-CV-2445 (LTS) (S.D.N.Y. filed Mar. 29, 2024).

In light of Plaintiff's litigation history, Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    August 6, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge